# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PERFORMANCE AFTERMARKET | § | |
| PARTS GROUP, LTD., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4251 |
| | § | |
| TI GROUP AUTOMOTIVE | § | |
| SYSTEMS, INC., | § | |
|     Defendant. | § | |

## <u>MEMORANDUM AND ORDER</u>

This patent and antitrust case is before the Court on the Motion to Bifurcate and Stay Discovery Pursuant to Rule 42(b) ("Motion to Bifurcate") [Doc. # 45] filed by Defendant TI Group Automotive Systems, LLC ("TI Group").  TI Group filed a Supplemental Brief [Doc. # 49], to which Plaintiffs Performance Aftermarket Parts Group, Ltd. ("Performance") and G&C Automotive Distributors, Inc. ("G&C") filed a response [Doc. # 54], and TI Group filed a reply [Doc. # 59].  Based on the Court's review of the record in this case and the application of governing legal authorities, the Court exercises its discretion to **deny** the Motion to Bifurcate at this stage of the proceedings.

## I.    BACKGROUND

The factual and procedural background of this case is set forth fully in the Memorandum and Order entered August 11, 2006 [Doc. # 44] addressing Defendant's Motion to Dismiss.  Briefly, Plaintiffs supply automotive products to companies primarily outside the United States, and Defendant is a leading manufacturer of automotive fuel pumps and fuel pump modules.  TI Group markets both original and replacement automotive fuel pumps and fuel pump modules, while Performance sells only aftermarket replacement parts.

TI Group is the owner of the three patents described in the Complaint, and it has asserted a counterclaim that Performance's replacement fuel pumps infringe those patents.  Plaintiffs, maintaining that their fuel pumps are non-infringing, seek a declaratory judgment of patent invalidity and non-infringement.  Plaintiffs also assert the defenses of laches and equitable estoppel, and they have antitrust and business disparagement claims.  Defendant's patent infringement claims are counterclaims in this case.

After Defendant's Motion to Dismiss the antitrust and business disparagement claims was denied, Defendant filed this Motion to Bifurcate.  Defendant seeks to bifurcate and stay discovery on Plaintiffs' antitrust and business disparagement claims until its counterclaim for patent infringement is decided.

## II.   <u>ANALYSIS</u>

The Federal Rules of Civil Procedure allow a district court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, [to] order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues . . ..” FED. R. CIV. P. 42(b). A motion to bifurcate “is a matter within the sole discretion of the trial court.” *First Tex. Sav. Ass'n v. Reliance Ins. Co.,* 950 F.2d 1171, 1174 n. 2 (5th Cir. 1992); *see also Gardco Mfg. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).

Frequently, parties seek to bifurcate liability and damages phases of a trial, or to bifurcate the punitive damages phase.  In this case, however, Defendant seeks to bifurcate and stay discovery of ***Plaintiffs’ claims*** until its own ***counterclaims*** are resolved.  This strategy would not, however, further convenience or avoid prejudice. Instead, bifurcation and a stay of discovery would seriously prejudice Plaintiffs’ right to have a prompt resolution of the claims they filed against Defendant.[1]

Defendant argues that if its patents are found to be valid and Plaintiffs’ products are found to be infringing, then Plaintiffs’ antitrust and business disparagement claims

---

[1]   TI Group filed its patent infringement claims against Performance in November 2005 in the Eastern District of Michigan, but dismissed the lawsuit voluntarily after Performance challenged personal jurisdiction.

fail and there will be no need for additional discovery.  Plaintiffs disagree with Defendant's characterization but, more importantly, it is far from clear in this case that Defendant will prevail on its patent infringement claims.  Additionally, Defendant argues that the fact issues on the patent infringement claims are distinct from the fact issues on the antitrust and business disparagement claims.  Even if Defendant is correct, many of the persons to be deposed and otherwise provide discovery would be the same for all claims, and it would be an inconvenience as well as a waste of lawyers' and witnesses' time and other resources to require the same witnesses to be deposed more than once.  The Court concludes that bifurcation of discovery would not further convenience or avoid prejudice in this case and, therefore, denies the Motion to Bifurcate as to the request for a stay of discovery.

It may appear later, however, that bifurcated trials, as opposed to bifurcated discovery, would be conducive to an expedited and economical resolution of this case.  Should that happen, either party may move for a bifurcated trial after the completion of discovery.

## III.  <u>CONCLUSION AND ORDER</u>

Bifurcation of discovery in this case would neither further convenience nor avoid prejudice.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Bifurcate and Stay Discovery [Doc. # 45] is **DENIED**.  Either party may, if appropriate after the close of discovery, move for bifurcated trials of the patent issues and the antitrust and business disparagement issues.

SIGNED at Houston, Texas, this **4th** day of **October, 2006**.

Nancy F. Atlas
United States District Judge