IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERFORMANCE AFTERMARKET PARTS GROUP, LTD., *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-4251 |
| TI GROUP AUTOMOTIVE SYSTEMS, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Allow Amendment of Preliminary Invalidity Contentions ("Motion to Amend") [Doc. # 101] filed by Plaintiffs Performance Aftermarket Parts Group, Ltd. ("Performance") and G&C Automotive Distributors, Inc. ("G&C"). Defendant TI Group Automotive Systems, LLC ("TI Group") filed a response [Doc. # 103], and Plaintiffs filed a reply [Doc. # 105]. Based on the Court's review of the full record in this case and the application of relevant legal authorities, the Court **denies** the Motion to Amend.

**I.   BACKGROUND**

The factual background of this patent and antitrust case was set forth in prior decisions by the Court, including the Memorandum and Order [Doc. # 44] entered August 11, 2006, and the Memorandum on Claim Construction [Doc. # 90] entered

December 22, 2006. Briefly, Performance is a limited partnership that supplies automotive products to companies primarily outside the United States. TI Group is the owner of United States Patent No. 4,860,714 ("the '714 Patent") and United States Patent No. 5,452,701 ("the '701 Patent"). TI Group alleges that Performance markets an infringing product. Performance denies that its products infringe TI Group's patents, and asserts that the '714 Patent and the '701 Patent are invalid.

On July 7, 2006, Performance served on TI Group its Preliminary Invalidity Contentions, asserting invalidity on the basis of indefiniteness under 35 U.S.C. § 112(2) and lack of enablement and/or adequate written description under 35 U.S.C. § 112(1). On March 2, 2006, the deadline for filing its Final Invalidity Contentions, Performance filed the pending Motion to Amend. Performance seeks to add an invalidity claim based on obviousness under 35 U.S.C. § 103 and based on an allegation of fraud on the patent office under 37 C.F.R. § 1.56(a).

## II.  ANALYSIS OF MOTION TO AMEND INVALIDITY CONTENTIONS

The Court's Patent Rules allow amendments to Preliminary Invalidity Contentions, except in certain limited situations not present here, "only by order of the Court, which shall be entered only upon a showing of good cause." *See* Patent Rule 3.7. The term "good cause" is not defined. In the Fifth Circuit, "good cause" for purposes of leave to amend pursuant to Rule 16 of the Federal Rules of Civil Procedure

is determined by evaluating a number of factors, the first being the movant's explanation for failing to move for leave to amend in a timely fashion. *See Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). The Federal Circuit has held that "good cause" for purposes of amendments to invalidity and infringement contentions "requires a showing of diligence." *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The party seeking leave to amend has the burden to establish diligence. *See id.*

Plaintiffs filed this lawsuit on December 15, 2005, seeking *inter alia* a declaratory judgment that the '714 Patent and the '701 Patent are invalid. Plaintiffs state that they hired "commercial search firms" to conduct "prior art searches" which "did not reveal adequate authority to support invalidity based on prior art." *See* Motion to Amend, ¶ 2. Plaintiffs state that they asked their consulting expert, Dr. Charles Garris, to conduct another prior art search in December 2006. *Id.*

Plaintiffs also state that in early April 2006, they requested that TI Group produce pleadings filed in a separate lawsuit, *VDO v. TI Group Automotive Systems, LLC*, and that some – but not all – of the documents from that lawsuit were produced on February 1, 2007. Based on "this subsequent discovery and contribution of Dr. Garris," Performance seeks to add invalidity contentions based on obviousness and fraud on the patent office.

Initially, the Court notes that Performance's Final Invalidity Contentions reflect that the proposed "fraud on the patent office" contention is based exclusively on prior art references "Tuckey 5,257,916" and "Baur 5,289,810." It is evident from the record in this case, specifically the patent history attached as Exhibits B and C to TI Group's Response [Doc. # 103], that the two prior art references were clearly available to Plaintiffs early in this litigation.

Additionally, with reference to the pleadings from the *VDO* lawsuit, Plaintiffs do not explain why they failed to obtain the pleadings from publicly available sources except to argue that it would have been more expensive and that it was TI Group's responsibility to produce the documents. Plaintiffs also fail to explain why, between the request in April 2006 and the production in February 2007, they did not file a motion to compel or otherwise bring the discovery problem to the Court's attention.

With reference to the "contribution of Dr. Garris," Plaintiffs do not explain why they waited so long to ask Dr. Garris to conduct his own prior art search. More importantly, Plaintiffs do not explain why they waited more than two months after obtaining Dr. Garris's explanation of the results of his search in December 2006 before they requesting leave to amend the invalidity contentions on March 2, 2007. A similar unexplained delay of "almost three months" supported the denial of leave to amend in *O2*. *See O2*, 467 F.3d at 1367.

Plaintiffs have failed to establish that they acted diligently in terms of evaluating their potential invalidity contentions, obtaining relevant evidence, and seeking leave to amend. Consequently, they have not shown good cause for the requested amendment and leave to amend the invalidity contentions is denied.[1]

### III. CONCLUSION AND ORDER

Plaintiffs have not shown that they exercised diligence and, therefore, have not shown good cause for amending their preliminary invalidity contentions. As a result, it is hereby

**ORDERED** that Plaintiffs' Motion to Amend Preliminary Invalidity Contentions [Doc. # 101] is **DENIED**.

SIGNED at Houston, Texas, this **15th** day of **March, 2007**.

Nancy F. Atlas
United States District Judge

---

[1] While not directly relevant to the Court's analysis of the Motion to Amend, the record indicates that the proposed amendments may be futile. An invalidity contention based on obviousness seems unlikely to succeed when more than one prior art search failed to reveal an obviousness issue. Similarly, the "fraud on the patent office" contention seems to be refuted by the patent history which includes not only the disclosure of the "Tuckey" and "Baur" prior art, but also an extended discussion regarding those references.