# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PERFORMANCE AFTERMARKET PARTS GROUP, LTD., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-05-4251 |
| TI GROUP AUTOMOTIVE SYSTEMS, INC., Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Supplemental Motion to Exclude Testimony of Michael Leshner and Glenn Moss and for Sanctions ("Motion") [Doc. # 161] filed by Plaintiffs Performance Aftermarket Parts Group, Ltd. and G&C Automotive Distributors, Inc. (collectively, "Performance"). Plaintiffs seek to exclude the testimony of Leshner and Moss under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Defendant TI Group Automotive Systems, Inc. ("TI Group") filed its Response [Doc. # 174], and Plaintiffs filed a Reply [Doc. # 188]. Having reviewed the full record in this case and having applied the governing legal authorities, the Court issues the following ruling on Plaintiffs' Motion.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Performance Aftermarket is a limited partnership that supplies automotive products, and G&C is a corporation whose principals own Performance Aftermarket. Plaintiffs allege that TI Group is the leading manufacturer of automotive fuel pumps and fuel pump modules.[1] TI Group markets both original and replacement automotive fuel pumps and fuel pump modules, while Performance sells only aftermarket replacement parts.

TI Group is the owner of three patents described in the Complaint. Defendant claims that Performance's replacement fuel pumps infringe TI Group's patents. Plaintiffs maintain that, although their fuel pumps can be inserted into existing TI Group fuel pump modules in certain Chrysler automobiles, their fuel pumps are non-infringing.

On December 15, 2005, Plaintiffs filed this lawsuit seeking a declaratory judgment that TI Group's patents are invalid and unenforceable and that, in any event, Plaintiffs have not infringed TI Group's patents.

Plaintiffs previously sought to exclude the testimony of Leshner and Moss because TI Group failed to produce test results and other data generated by Moss, a TI Group employee, in February 2006 and May 2007. Because TI Group eventually

---

[1] The fuel pump is located within the fuel pump module.

produced the data, the Court denied Plaintiffs' request to exclude the witnesses' testimony but permitted Plaintiffs to redepose Leshner and Moss.

The two challenged witnesses were redeposed in September 2007. Following those depositions, Plaintiffs again moved to exclude their testimony. The Motion has been fully briefed and is ripe for decision.

## II. Moss's Testimony

Plaintiffs argue that Moss is a lay witness who has not been designated as an expert and, therefore, should not be permitted to provide expert testimony. Defendant and the Court agree. Moss is not, however, currently offering expert opinions or other expert testimony. He is, instead, describing work that he performed and the results that he obtained. To the extent he attempts to offer expert opinions in the future, the Court will consider any objection by Plaintiffs at that time. Plaintiffs' Motion to exclude Moss's testimony is **denied**.

## III. *DAUBERT* CHALLENGE TO EXPERT WITNESS LESHNER

### A. *Daubert* Standards

"[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods

reliably to the facts of the case." FED. R. EVID. 702.  The district court is required to make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid [reliability] and of whether that reasoning or methodology can be applied to the facts at issue [relevance]." *Skidmore v. Precision Printing And Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993)).  This so-called "gate-keeping" obligation applies to all types of expert testimony, not just "scientific" testimony.  *Id.* at 617-618 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)).  The district court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 151.  The Court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

### B.  Computer Simulations

Plaintiffs ask the Court to exclude Leshner's testimony because the FLUENT software program that Moss used to conduct computer simulations in February 2006 and May 2007 has not been adequately validated and because the simulations

themselves are inaccurate and invalid. Plaintiffs take the position that Leshner's expert opinions are based on the computer simulations.

Defendant responds that Leshner did not rely on the February 2006 simulations in reaching his expert opinions regarding infringement. Defendant asserts, and the Court relies on that assertion in reaching its decision, that the February 2006 simulations were simply illustrative and not relevant to the infringement analysis. Based on Defendant's position that the February 2006 simulations are irrelevant, the Court excludes any evidence of those simulations.

Defendant also asserts that the May 2007 simulations are merely illustrative and serve no purpose if the Court's prior construction of the claim term "venturi"[2] does not require that the tube itself contain the suction. The Court did not construe "venturi" to require that the suction be found within the tube or passageway and, therefore, the May 2007 simulations are excluded as irrelevant.

Additionally, the evidence in the record shows that the accuracy and validity of the computer simulations are highly questionable. Specifically, the FLUENT software program includes a disclaimer that additional, independent testing is needed before any product can be developed and that the software user should not "rely upon the results

---

[2]   The Court construed the term "venturi" to mean, in relevant part, a tube "for exerting suction, which tube or passageway is narrower than the areas on both ends." *See* Memorandum on Claim Construction [Doc. # 90], p. 13.

of" the FLUENT program simulations in determining the final product design. In this case, Moss conducted additional, independent testing involving experimental testing of real tubes. That testing of real tubes yielded results that were grossly inconsistent with the computer simulations. Indeed, in one test, the deviation between the test results of real tubes and the computer simulations exceeded two hundred percent.

Because the computer simulations do not satisfy the requirements for validity and reliability, and because they now appear to be irrelevant to the material issues in the case, the Court **grants** Plaintiffs' Motion as to the computer simulations.

### C.   Leshner Opinions

Leshner opines that Plaintiffs' fuel pumps infringe Defendant's patents. Leshner has stated that he based his infringement opinion on his prior experience, on review of the engineering drawings of the accused devices, and on an examination of actual examples of the accused devices. It appears from Leshner's expert report that he applied the claim construction contained in the Court's *Markman* ruling. *See* Leshner Report, Exh. B to Defendant's Response, p. 7. Although Plaintiffs may disagree with the accuracy of Leshner's opinions, the testimony can be challenged by Plaintiffs during cross-examination and is not inadmissible. There appears to be an adequate scientific basis for Leshner's opinions and, to the extent that he can identify the accused devices

for which he reviewed drawings and examples, he can offer expert testimony on the issue of infringement.

## IV.     **REQUEST FOR SANCTIONS**

Plaintiffs seek sanctions for Defendant's late production of the computer simulation data and of the data from Moss's experimentation with real pumps. To the extent Plaintiffs are seeking monetary sanctions, the Court will address all requests for such relief after the case has been concluded at this level. Consequently, Plaintiffs' request for monetary sanctions is denied without prejudice at this stage of the proceedings.

In addition to monetary sanctions, Plaintiffs ask the Court to inform the jury that Defendant failed to produce the data in a timely manner and to instruct the jury that there is a negative inference that the data was adverse to Defendant's position. Such adverse-inference instructions are usually given in cases where the defendant destroys or materially alters evidence. *See, e.g., Russell v. Univ. of Texas of Permian Basin*, 234 F. App'x 195, 207 (5th Cir. 2007); *Escobar v. City of Houston*, 2007 WL 2900581, *17 (S.D. Tex. Sept. 29, 2007) (Rosenthal, J.). Plaintiffs here have presented nothing to indicate that Defendant has destroyed or altered any documents relating to the computer simulations or to data from the experimentation using real fuel pumps.

Instead, Plaintiffs show only that Defendant originally withheld, but then produced, relevant evidence.

The Court has excluded evidence of the computer simulations and, therefore, there is no basis for a jury instruction regarding evidence that is not admitted at trial. If the experimentation data is offered and admitted, it will be available for the jury to review and decide whether it supports or contradicts Defendant's arguments. The Court denies Plaintiffs' request for an adverse-inference jury instruction.

### V.  CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' Supplemental Motion to Exclude Testimony of Michael Leshner and Glenn Moss and for Sanctions [Doc. # 161] is **GRANTED** as to any evidence, including testimony from either witness, regarding the computer simulations from February 2006 and May 2007, **DENIED WITHOUT PREJUDICE** as to the request for sanctions, and **DENIED** in all other respects. The case remains scheduled for docket call on **March 20, 2008, at 4:00 p.m.**

SIGNED at Houston, Texas, this **16th** day of **January, 2008**.

_Nancy F. Atlas_
United States District Judge