# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PERFORMANCE AFTERMARKET PARTS GROUP, LTD., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-4251 |
| TI GROUP AUTOMOTIVE SYSTEMS, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on two Motions for Summary Judgment. Plaintiffs Performance Aftermarket Parts Group, Ltd. ("Performance") and G&C Automotive Distributors, Inc. ("G&C") filed a Motion for Summary Judgment on the Issue of Non-Infringement ("Plaintiffs' Motion") [Doc. # 163], and Defendant TI Group Automotive Systems, Inc. ("TI Group") filed a Motion for Partial Summary Judgment Regarding Patent Validity ("Defendant's Motion") [Doc. # 157].[1]

Based on the Court's review of the record in this case, and the application of governing legal authorities, the Court **denies** Plaintiffs' Motion and **grants** Defendant's Motion.

---

[1] Defendant filed a Response [Doc. # 173] to Plaintiffs' Motion, and Plaintiffs filed a Reply [Doc. # 190]. Plaintiffs filed a Response [Doc. # 191] to Defendant's Motion, and Defendant filed a Reply [Doc. # 195].

I.  **BACKGROUND**

Plaintiffs and Defendant market automotive fuel pumps. TI Group markets both original and replacement automotive fuel pumps and fuel pump modules, while Performance sells only aftermarket replacement parts. Defendant is the owner of United States Patent No. 4,860,714 ("the '714 Patent") and United States Patent No. 5,452,701 ("the '701 Patent").[2] Plaintiffs filed this lawsuit, asserting *inter alia* that Defendant's patents are invalid. Defendant filed a counterclaim alleging that Plaintiffs' fuel pumps infringe Defendant's patents.

Defendant has moved for summary judgment on Plaintiffs' claims that the patents are invalid, and Plaintiffs have moved for summary judgment on Defendant's infringement claim. Both motions have been fully briefed and are ripe for decision.

II.  **STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*,

---

[2] In a Memorandum and Order [Doc. # 156] entered September 25, 2007, the Court held that Defendant had not asserted a contributory infringement claim. All contentions involving the '714 Patent were based on a contributory infringement theory and, as a result, only the '701 Patent remains at issue in the case.

477 U.S. 317, 322 (1986). "When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at a trial on the merits." *SRAM Corp. v. AD-II Engineering, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006). A patent is presumed valid under 35 U.S.C. § 282, and the presumption "can be overcome only through facts supported by clear and convincing evidence." *Id.* (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1563 (Fed. Cir. 1997)). As a result, at the summary judgment stage, a party asserting affirmative defenses against a patent "must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Id.* (citing *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984)); *see Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1378 (Fed. Cir. 2005) (overcoming presumption of patent validity at the summary judgment stage requires proof by clear and convincing evidence).

Summary judgment on infringement is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d 1372, 1376 (Fed. Cir. 2005 (citations omitted). The infringement analysis at the summary judgment stage requires the Court to compare the patent claims as construed with the accused device.

*See id.* Summary judgment should be denied if the evidence would permit a reasonable fact-finder to return a verdict for the nonmoving party. *See id.*

## III. <u>INVALIDITY CLAIMS</u>

The '701 Patent is presumed valid. *See* 35 U.S.C. § 282. Plaintiffs bear the burden of proving invalidity by clear and convincing evidence. *See Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1015 (Fed. Cir. 2006); *SRAM Corp.*, 465 F.3d at 1357. Plaintiffs argue that the '701 Patent is invalid because it lacks an adequate written description under 35 U.S.C. § 112(1)[3] and because it is indefinite under 35 U.S.C. § 112(2). Defendant has moved for summary judgment on Plaintiffs' invalidity claims as unsupported by clear and convincing evidence.

### A. <u>Section 112(1)</u>

"To fulfill the written description requirement, the patent specification must describe an invention in sufficient detail that one skilled in the art can clearly conclude that the inventor invented what is claimed." *Kao Corp. v. Unilever U.S., Inc.*, 441 F.3d

---

[3] Plaintiffs assert that the '701 Patent is invalid under § 112(1) also because it lacks enablement. "The test of enablement is whether one reasonably skilled in the art could make or use the invention from *disclosures in the patent coupled with information known in the art* without undue experimentation." *Callicrate v. Wadsworth Mfg., Inc.*, 427 F.3d 1361, 1374 (Fed. Cir. 2005) (emphasis in original) (citing *United States v. Telectronics, Inc.*, 857 F.2d 778, 785 (Fed. Cir. 1988)). Plaintiffs have presented no evidence, much less clear and convincing evidence, that any experimentation – undue or otherwise – is needed to make and use the fuel pump covered by the '701 Patent and, as a result, Defendant is entitled to judgment as a matter of law on Plaintiffs' lack of enablement claim.

963, 967-68 (Fed. Cir. 2006) (quoting *Cordis Corp. v. Medtronic AVE, Inc.,* 339 F.3d 1352, 1364 (Fed. Cir. 2003)). The patent holder need not "spell out every detail of the invention in the specification; only enough must be included to convince a person of skill in the art that the inventor possessed the invention . . .." *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005).

Plaintiffs have presented no evidence to show that the '701 Patent lacks an adequate written description. Instead, Plaintiffs list several words, such as "electric motor" and "rotor," that are not defined in the patent specifications. *See* Response [Doc. # 191], pp. 9-10. The words of a claim "are generally given their ordinary and customary meaning." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). The "ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, *i.e.*, as of the effective filing date of the patent application." *Id.* at 1313. Plaintiffs have presented no evidence that anyone of ordinary skill in the relevant art would have any difficulty understanding the meaning of the words listed in Plaintiffs' Response. Indeed, the parties agreed to the construction of each term on which Plaintiffs rely. *See* Amended Joint Claim Construction and Prehearing Statement [Doc. # 66], Exhs. 1 and 4. The record is clear that the parties encountered little or no

difficulty understanding the claim terms. Plaintiffs have failed to present evidence to show by clear and convincing evidence that the '701 Patent lacks an adequate written description.

**B.     Section 112(2)**

Title 35, United States Code, section 112(2) requires the patent specification to "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112(2). A reviewing court "must determine whether a person experienced in the field of the invention would understand the scope of the claim when read in light of the specification." *Energizer Holdings, Inc. v. International Trade Comm.*, 435 F.3d 1366, 1369 (Fed. Cir. 2006). A patent is not indefinite even if it contains claim terms that are difficult to construe. *See id.* at 1370. A claim is not invalid for indefiniteness if it is subject to construction. *See id.* (citing *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1371 (Fed. Cir. 2004)).

In this case, the parties agreed on the proper construction of many claim terms. As to those claim terms that were disputed, the Court conducted a claim construction hearing and construed the disputed claim terms without significant difficulty. *See* Memorandum on Claim Construction [Doc. # 90]. Consequently, under clear Federal Circuit authority, the '701 Patent is not invalid for indefiniteness under § 112(2).

## IV. INFRINGEMENT CLAIM

### A. Applicable Legal Standard

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." 35 U.S.C. § 271(a); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.* 420 F.3d 1369, 1375 (Fed. Cir. 2005). "A determination of patent infringement requires a two-step analysis: first, the meaning of the claim language is construed, then the facts are applied to determine if the accused device falls within the scope of the claims as interpreted." *MBO Lab., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1329 (Fed. Cir. 2007). The Court construed the meaning of the disputed claim terms in its Memorandum on Claim Construction [Doc. # 90], entered December 22, 2006.

The second step, "comparison of the claims to the accused device, is a question of fact, and requires a determination that every claim limitation or its equivalent be found in the accused device." *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1343 (Fed. Cir. 2006). The comparison is only to the patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003). The patent holder bears the burden of proving infringement by a preponderance of the evidence. *See Warner-Lambert Co. v. Teva Pharm. USA, Inc.*,

418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005); *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1355 (Fed. Cir. 2005).

### B. <u>Analysis</u>

Plaintiffs argue that the Performance fuel pumps are not infringing because they do not contain a venturi.[4] In the Court's Memorandum on Claim Construction, the Court construed the terms "venturi" and "venturi tube" to "mean 'a tube or other passageway for exerting suction, which tube or passageway is narrower than the areas at both ends. The larger areas at each end may either be part of the tube or passageway or be separate areas to which the tube or passageway is connected." *See* Memorandum on Claim Construction [Doc. # 90], p. 13. Defendant has presented evidence that the Performance fuel pumps have a straight tube with a larger, open area at either end of the tube. Plaintiffs argue that such a configuration does not meet the claim requirement for a "venturi" or "venturi tube." Whether the accused devices infringe the claims of the '701 Patent, as those terms are agreed to by the parties or construed by the Court, is a question of fact for the jury. *See Bai v. L&L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). Because the evidence in this case is conflicting, a reasonable jury

---

[4] In Plaintiffs' Motion, Plaintiffs argued also that their fuel pumps do not infringe the '701 Patent because they are not modules. Defendant responded that the argument was relevant only to the "now-defunct contributory infringement claim and is therefore moot." *See* Response [Doc. # 173], p. 10. In apparent agreement with Defendant, Plaintiffs in their Reply [Doc. # 190] argued only that their pumps are non-infringing because they do not contain a venturi.

could determine that the Performance fuel pumps infringe the '701 Patent, either literally or under the doctrine of equivalents. Similarly, a reasonable jury could determine, based on the record currently before the Court, that the Performance fuel pumps are non-infringing. As a result, summary judgment on the infringement issue is not appropriate and Plaintiffs' Motion is denied.

## V.     CONCLUSION AND ORDER

The evidence in the record is disputed and raises a genuine fact issue regarding whether Plaintiffs' automotive fuel pumps infringe the '701 Patent. Plaintiffs have failed to present evidence or persuasive argument to support their claim that the '701 Patent is invalid. As a result, it is hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment Regarding Patent Validity [Doc. # 157] is **GRANTED** and Plaintiff's Motion for Summary Judgment on the Issue of Non-Infringement [Doc. # 163] is **DENIED**.

SIGNED at Houston, Texas, this **25th** day of **January, 2008**.

_____
Nancy F. Atlas
United States District Judge