## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PERFORMANCE AFTERMARKET | § | |
| PARTS GROUP, LTD., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4251 |
| | § | |
| TI GROUP AUTOMOTIVE | § | |
| SYSTEMS, INC., | § | |
|     Defendant. | § | |

## <u>MEMORANDUM ON LIABILITY</u>

TI Group Automotive Systems, Inc. ("TI Group") asserted a claim for patent infringement against Performance Aftermarket Parts Group, Ltd. and G&C Automotive Distributors, Inc. (collectively, "Performance"). TI Group alleged that Performance markets fuel pumps that infringe TI Group's patent and that the infringement was willful. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this district is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

The infringement phase of this patent case, including the issue of willfulness, was tried to the Court on March 24-25, 2008. Each party presented evidence at trial, both through testimony of witnesses and through exhibits. Having heard and observed

the witnesses who testified, having considered the exhibits introduced by the parties, and having reviewed all matters of record in this case, the Court makes the following findings of fact and conclusions of law.[1]

## I.    FACTUAL BACKGROUND

TI Group and Performance market automotive fuel pumps.  TI Group markets both original and replacement automotive fuel pumps and fuel pump modules, while Performance sells only aftermarket replacement parts.

TI Group is the owner of United States Patent No. 5,452,701 ("the '701 Patent").   The '701 Patent, issued in 1995, covers a fuel system for internal combustion engines.  It includes a jet pump covered by United States Patent No. 4,860,714 ("the '714 Patent"), also owned by TI Group.[2]  The '701 Patent adds a turbine pump to provide fuel both to the engine and separately to the jet pump.  The fuel pump assemblies covered by the '701 Patent are an improvement over previous

---

[1]    The Court explains the evidence and uses various forms of the word "find" to indicate a finding of fact, and sets forth legal principles and uses forms of the words "hold" and "conclude" to indicate a conclusion of law.  To the extent a finding of fact is more properly a conclusion of law, and to the extent a conclusion of law is more properly a finding of fact, it should be so construed.

[2]    The '714 Patent is directed to an in-tank fuel pump assembly for fuel-injected engines.  The assembly contains a fuel reservoir with one opening for supplying fuel to the engine and another port for returning the fuel to the reservoir.  The reservoir contains a high-pressure electric pump, a jet pump, and a separate valve associated with each opening.  The jet pump draws fuel from the fuel tank into the reservoir.

assemblies because they provide a constant and reliable supply of fuel to the vehicle's engine even when there is little fuel in the fuel tank.

TI Group alleged that Performance's replacement fuel pumps P-41K, P-43K, P-44K, and P-44NK infringe Claims 1 and 14 of the '701 Patent.  Performance has argued throughout this litigation that its pumps are not infringing because they do not include a "venturi."

## II.    INFRINGEMENT

### A.    Applicable Legal Standard

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent."  35 U.S.C. § 271(a); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.* 420 F.3d 1369, 1375 (Fed. Cir. 2005).  "A determination of patent infringement requires a two-step analysis:  first, the meaning of the claim language is construed, then the facts are applied to determine if the accused device falls within the scope of the claims as interpreted."  *MBO Lab., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1329 (Fed. Cir. 2007).  The Court construed the meaning of the disputed claim terms in its Memorandum on Claim Construction [Doc. # 90], entered December 22, 2006.

The second step, "comparison of the claims to the accused device, is a question of fact, and requires a determination that every claim limitation or its equivalent be

found in the accused device." *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1343 (Fed. Cir. 2006).  The comparison is only to the patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment.  *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003).  The patent holder bears the burden of proving infringement by a preponderance of the evidence.  *See Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005); *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1355 (Fed. Cir. 2005).

### B.    Analysis

Performance maintains that its accused fuel pumps do not infringe the '701 Patent.  TI Group presented evidence at trial that the Performance fuel pumps contain each limitation of Claims 1 and 14 of the '701 Patent.  With the exception of the venturi element, TI Group's evidence was undisputed.

In the Court's Memorandum on Claim Construction, the Court construed the terms "venturi" and "venturi tube" to "mean 'a tube or other passageway for exerting suction, which tube or passageway is narrower than the areas at both ends.  The larger areas at each end may either be part of the tube or passageway or be separate areas to which the tube or passageway is connected."  *See* Memorandum on Claim Construction [Doc. # 90], p. 13.  TI Group presented uncontradicted evidence that the

accused Performance fuel pumps have a straight tube with a larger, open area at either end of the tube.  The larger area on one end is the "nozzle chamber" and the larger area on the other end is the "reservoir" portion of the surrounding fuel pump module.  The Court finds that this configuration meets the Court's claim construction of "venturi" and, as a result, Performance's fuel pumps include the "venturi" element of Claims 1 and 14 of the '701 Patent.

Performance argues that there is no literal infringement because, based on the testimony of Performance's expert, Gerard Muller, the tube cannot "connect" to the reservoir because a solid cannot physically connect to a liquid.  Assuming, without finding, that Muller's comments in this regard are scientifically sound, Performance's argument is based on a more technical use of the word "connect" than was used by the Court in its claim construction.  The Court's claim construction does not require that the tube and the larger areas – if not part of the tube or passageway – "connect" in any specific technical or scientific manner.  Instead, if the larger areas on each end of the tube are not part of the tube itself, all that is required is that the tube and the larger areas adjoin each other.

TI Group has proven that the accused Performance fuel pumps literally infringe Claims 1 and 14 of the '701 Patent.  Because the Court finds that there was literal

infringement, it need not decide whether the accused fuel pumps infringe under the doctrine of equivalents.

**III.    WILLFULNESS**

TI Group no longer contests Performance's motion for a directed verdict on the issue of willful infringement.  *See* Post-Trial Brief [Doc. # 251], p. 15.  As a result, the Court finds that Performance's infringement was not willful.

**IV.    CONCLUSION**

TI Group has proven by a preponderance of the evidence that the accused Performance replacement fuel pumps infringe the '701 Patent, but concedes that it has failed to establish that the infringement was willful.

The damages phase of the case will be tried to the Court beginning at **9:30 a.m. on April 28, 2008**.

SIGNED at Houston, Texas, this 15th day of **April, 2008**.


Nancy F. Atlas
United States District Judge